1  Floyd W. Bybee, #012651
   BYBEE LAW CENTER, PLC
2  4445 E. Holmes Avenue
   Suite 107
3  Mesa, AZ 85206-3398
   Office: (480) 756-8822
4  Fax: (480) 302-4186
   floyd@bybeelaw.com
5
   Attorney for Plaintiffs
6

7

8              UNITED STATES DISTRICT COURT

9                  DISTRICT OF ARIZONA

10
                                    )
11  Brett Nichols; and              )    No.
    Stacey Nichols;                 )
12                                  )
                                    )
13       Plaintiffs,                )
                                    )
14  v.                              )    COMPLAINT
                                    )
15  Enhanced Recovery Corporation;  )
                                    )
16                                  )
                                    )
17       Defendant.                 )    (Jury Trial Demanded)
                                    )
18                                  )

19                  I.  Preliminary Statement

20  1.   Plaintiffs bring this action for damages based upon Defendant's

21       violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et

22       seq. (hereinafter "FDCPA"). Plaintiffs seek an award of statutory

23       damages, court costs and attorney's fees.

24               II.  Statutory Structure of FDCPA

25  2.   Congress passed the FDCPA to eliminate abusive debt collection

1 practices by debt collectors, to insure that those debt collectors who
2 refrain from using abusive debt collection practices are not
3 competitively disadvantaged, and to promote consistent state action to
4 protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendant perpetrated therein.

### IV. PARTIES

9. Plaintiffs are individuals residing in Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer debt and are "consumers" as that term is defined by FDCPA § 1692a(3).

11. Defendant Enhanced Recovery Corporation ("Enhanced") is a Delaware corporation doing business in Arizona at 815 N. 1st Avenue, Suite 4, Phoenix, Arizona 85003.

12. Enhanced conducts business within the state of Arizona, and is registered with the Arizona Corporation Commission.

13. Enhanced is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0906945.

14. Enhanced collects or attempts to collect debts owed or asserted to be owed or due another.

15. In the alternative, Enhanced collects or attempts to collect debts it has purchased after default.

16. Enhanced is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V. FACTUAL ALLEGATIONS

17. Several years back, Plaintiffs opened a credit card account with Providian.

18. The Providian account was used to make purchases for personal, household and family purposes.
19. Plaintiffs subsequently defaulted on the Providian account.
20. Midland Credit Management, Inc. claims to have purchased Plaintiffs' Providian account after default.
21. Midland Funding LLC also claims to have purchased Plaintiffs' Providian account after default.
22. Midland Credit Management, Inc. and Midland Funding LLC are two separate legal entities.
23. On January 9, 2009, Enhanced mailed or caused to be mailed a collection letter to Plaintiffs concerning the Providian account. (A copy of the January 9, 2009 letter is attached hereto as Exhibit A).
24. In Exhibit A, Enhanced states that the current "creditor" is Midland Credit Management, Inc.
25. In Exhibit A, Enhanced also states that the amount of the debt is $7,444.04.
26. On February 20, 2009, Enhanced mailed or caused to be mailed a collection letter to Plaintiffs concerning the Providian account. (A copy of the February 20, 2009 letter is attached hereto as Exhibit B).
27. In Exhibit B, Enhanced states that the current "creditor" is now Midland Funding, LLC.
28. In Exhibit B, Enhanced also states that the amount of the debt is $7,444.04.
29. Exhibit A is the initial written communication from Enhanced to Plaintiff concerning the alleged debt.

1 | 30. At all times relevant herein, Midland Credit Management, Inc. was adding interest on the alleged debt Enhanced was attempting to collect from Plaintiffs.

31. In the alternative, at all relevant times herein, Midland Funding, LLC was adding interest on the alleged debt Enhanced was attempting to collect from Plaintiffs.

32. Enhanced failed to state in its initial written communication to Plaintiffs the "amount of the debt" allegedly owed as required by FDCPA § 1692g(a)(1).

33. Enhanced failed to state in its initial written communication to Plaintiffs that the amount of the debt might vary from day to day because of, for example, interest, late charges, or other charges.

34. Enhanced failed to notify Plaintiffs in its initial written communication to Plaintiffs of their right to obtain an up to date amount of the debt allegedly due.

35. The case of <u>Miller v. McCalla et al.</u>, 241 F.3d 872 (7th Cir. 2000), sets forth "The debt collectors duty to state the amount of the debt in cases like this where the amount varies from day to day." Id. at 876.

36. Enhanced failed to comply with that duty.

37. Enhanced's actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights and part of its persistent and routine practice of debt collection.

38. In the alternative, Defendants' actions were negligent.

## VI. Causes of Action

### a. Fair Debt Collection Practices Act

39. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

40. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, and 1692e(2)(A), 1692e(10), and 1692g.

## VII. DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendant for:

a) Statutory damages of $1,000 for each Plaintiff pursuant to FDCPA § 1692k;

b) Costs and reasonable attorney's fees pursuant to §1692k; and

c) Such other relief as may be just and proper.

DATED   January 4, 2010   .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
BYBEE LAW CENTER, PLC
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

- 6 -